Estate of James Cooper, deceased.   Appeal of David B. Nace, Executor of Daniel Logan, deceased.

*Decedent's estate—Cosurety—Subrogation.*

Where one of three joint sureties has paid the entire debt of their principal he is entitled to a dividend upon the full amount of the debt out of the estate of one of his cosureties up to the extent of one third of what he paid; it not appearing that the third surety is insolvent.

*Improvident payment by administratrices of insolvent estate.*

One of the administratrices of an insolvent estate advanced money to pay interest due by the estate.   *Held*, in distribution of the estate that she is not entitled to a preference.   If the money is paid by her as an individual there is no claim to a preference; if it is paid as administratrix the payment is made at her peril, and her position is that of an ordinary creditor.

616    COOPER'S ESTATE. NACE'S APPEAL.

Statement of Facts—Opinion of the Court.    [4 Pa. Superior Ct.

Argued March 12, 1897.    Appeal, No. 43, March T., 1897, by
David B. Nace, executor, from decree of O. C. Fulton Co.,
confirming report of the auditor in distributing balance in the
hands of administratrices of the estate of James Cooper, de-
ceased.    Before Rice, P. J., Willard, Wickham, Beaver,
Reeder, Orlady and Smith, JJ.    Reversed.

Exceptions to auditor's report.    Before Swope, P. J.
The facts sufficiently appear in the opinion of the court.

*Errors assigned* were (1) in confirming report of the auditor.
(2) In holding that Sarah J. Cooper was entitled to a prefer-
ence in the distribution to the amount of $355.    (3) In not
directing that the balance in the hands of the accountants, after
paying the costs of the audit, should be distributed pro rata to
the claim of Daniel Logan's executor and Sarah J. Cooper.

*W. Rush Gillan*, with him *W. U. Brewer* and *J. Nelson Sipes*,
for appellant.

*Geo. A. Smith*, with him *M. R. Shaffner*, for appellees.

Opinion by Beaver, J., April 19, 1897 :
On the 18th of February, 1888, the administrators of James
Cooper filed their account in the orphans' court, showing per-
sonal assets amounting to $3,807.15 and credits for sundry pay-
ments to creditors amounting to $3,383.17, leaving a balance in
the hands of the accountants of $423.99.    This account was
confirmed March 19, 1888.    The appellants do not seek to go
back of the confirmation of this account.    They seem to admit
that the confirmation of the said account by the orphans' court
protects the administrators as to the payments made prior to
that time.    They seek a distribution of the balance in the hands
of the accountants according to law.    The distribution of this
balance was referred to an auditor who finds, in addition to the
facts already stated, that at the time of the confirmation of the
account there were unpaid debts of the estate considerably in
excess of the amount of the balance ; that as to a judgment of
Pitman, administrator of Andrew Fisher, deceased, for purchase
money of a farm purchased from the said administrator and a

dower of $1,000, the interest of which was payable to Catharine Fisher, widow of Andrew Fisher, deceased, during her life and the principal to his heirs at her death, were provided for by an agreement made with two of the sons of James Cooper who took the said farm and agreed to pay the incumbrances aforementioned.    The auditor also finds that "James Cooper, Daniel Logan and George J. Pitman became joint sureties for R. A. McDonald, Administrator of the Estate of John Kittell for the sale of the real estate of the said Kittell, in the sum of $18,000," and that on the 8th of October, 1895, a judgment was obtained by Mrs. Loretta J. McDonald, one of the heirs of John Kittell, against the said McDonald and Logan as his surety, for the sum of $3,961.80, her share in the real estate of John Kittell; that Logan paid this judgment November 18, 1895, then amounting to $3,986, and that Cooper and Pitman, Logan's co-obligors in the bond, were both dead at the time Mrs. McDonald instituted her suit.    It further appears from the facts found by the auditor that one of the administrators of the estate had between the date of filing the first account and the date of the audit paid $395 as interest on the Fisher judgment out of her own money, but with the intention on her part to reimburse herself or receive from the estate the payments so made.

Under the facts, as found by the auditor, which are practically undisputed, the two claimants for the fund are Mrs. Sarah Cooper $395, and the executor of Daniel Logan, one third of $3,986, which equals $1,328.66, and distributes the net balance of $571.47, after deducting the costs of audit, to these two claims pro rata.

Upon a review of the findings and conclusions of the auditor upon exception in the orphans' court, the auditor was directed by the court to deduct the sum of $355 interest paid on the Fisher judgment, now belonging to Mrs. Allen, by Mrs. Cooper, before the fund should be called upon for contribution to the claim made by Logan as cosurety of Cooper, and that, after such deduction, distribution should be made to Logan, on the basis of $3,986, the full amount paid by him on the McDonald judgment, and of $40, the balance paid by Mrs. Cooper in interest on the Fisher judgment assigned to Mrs. Allen.    As to the first of these directions we think the court was in error.    Mrs. Cooper, so far as the payment of interest by her was concerned, stood

in relation to such payment as an ordinary creditor.  If the money was advanced by her as an individual, as the auditor finds as a fact, she cannot claim a preference.  If it was paid out as an administrator, she did so at her peril and is not protected by any decree of distribution.  She is, therefore, so far as the $395 paid by her, in the position of an ordinary creditor, entitled to a pro rata of the balance in the hands of herself and her co-administrator, and no more.

To what extent is Logan a creditor of the estate of James Cooper, his co-obligor on the McDonald bond?  There were three sureties.  Judgment was obtained against one for the entire amount which was paid by him.  He has a right to call upon each of his cosureties for contribution to the extent of one third of the amount paid.  Pitman, the third of the cosureties, is dead.  There is no evidence of any kind that his estate is insolvent or in any way unable to pay the full amount of the contribution which it is liable to make to Logan's estate.  Cooper's estate is, therefore, liable to Logan's estate for the one third of the amount which was paid by Logan to Mrs. McDonald.  So far as the personal estate of Cooper is concerned, it is unable to make contribution to that extent.  How then is the contribution which it can make to be secured and enforced?  There can be no doubt that, if Mrs. McDonald were pursuing Cooper's estate, she could prove her claim for and be entitled to a dividend upon the whole amount due her, but Logan, the cosurety, paid her the full amount of the claim.  He is, therefore, entitled to subrogation to the ownership of the security held by Mrs. McDonald, namely, the bond given by the administrator and three sureties, and the judgment which was recovered thereon for Mrs. McDonald's use against Logan.  As to the general doctrine of subrogation, see Croft v. Moore, 9 Watts, 451, and Mosier's Appeal, 56 Pa. 76.  In the latter it is said: " So, where one of several joint sureties has paid the whole debt, he will be entitled to the judgment to enforce contribution by his cosureties."  In Hess' Estate, 69 Pa. 272, it was expressly ruled that one of two joint sureties who had paid the entire debt was entitled to a dividend upon the full amount of the debt out of the estate of his cosurety which was insolvent, up to the extent of the one half of what he had paid; Mr. Justice READ, in a learned opinion upon the subject, saying, " In

America and certainly in Pennsylvania, a surety paying the debt of his principal is entitled to be subrogated to all the rights and remedies of the creditors as against his cosureties in precisely the same manner as against the principal debtor, and is substituted in the place of the creditor and entitled to enforce all his liens, priorities and means of payment." It seems to be settled, therefore, that Logan, or his executor since his death, was entitled to claim out of the balance in the hands of Cooper's administrators a dividend upon the entire amount of the judgment which had been obtained against him, namely, $3,986, the dividend amounting to much less than the one third of the amount of the judgment. The direction of the court below in this behalf is therefore affirmed, and it is directed that the net balance of $571.47 in the hands of the administrators of Cooper, as found by the auditor, be divided pro rata between the claims of Nace, executor of Logan, for $3,986, and Sarah J. Cooper, $395.

Inasmuch, however, as Mrs. Cooper was not entitled to a preference as to any portion of the amount of interest paid by her, the assignments of error are sustained, the decree of the court below is reversed, and the record is remitted with directions to make distribution of the balance in the hands of the administrators, as hereinbefore specified; costs to be paid by the appellees.